UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EILER MERZ,                                                  Case No. 1:14-cv-297

    Plaintiff,                                           Judge Timothy S. Black

vs.

CINCINNATI SENIOR CARE, LLC,

    Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS (Doc. 14)

This civil action is before the Court on Defendant's motion for sanctions (Doc. 14) and the parties' responsive memoranda (Docs. 18, 21).

### I. BACKGROUND FACTS

Defendant seeks sanctions against Plaintiff Eiler Merz for her failure to appear for a properly noticed and agreed upon deposition. After discussion with Plaintiff's counsel, Defendant noticed Ms. Eiler's deposition for October 10, 2014 at the offices of Dinsmore & Shohl in Cincinnati, Ohio. Plaintiff failed to appear and did not provide any advance notice of her intention not to appear.

Plaintiff did not appear for her deposition because of the sudden onset of an acute health condition, specifically a panic attack. (Doc. 18, Ex. A). Plaintiff has since been treated for this condition by Kerry-Lyn Evans, a practicing and duly-certified mental health counselor. (*Id.*, Ex. B). On October 14, 2014 at 1:06 p.m., Plaintiff's counsel emailed defense counsel stating in part: "I understand from correspondence I received

last Friday that Ms. Merz was suffering from a medical condition that precluded her attending her deposition." (*Id*., Ex. C).  That same day, defense counsel filed the instant motion for sanctions.

Defense counsel claims that she incurred 12.90 hours ($5,160.00) in deposition preparation, 4.3 hours ($1,720.00) traveling to and from and attending the deposition, and associated travel expenses in the amount of $310.67 (mileage -- $120.96; parking -- $15.00; hotel -- $174.71).  Defense counsel also incurred an additional 3.2 hours of associate time ($780.00) and 2.3 hours of partner time ($920.00) preparing and filing the motion for sanctions.  Finally, Defense counsel incurred $110.00 in court reporter fees and $37.70 to obtain a transcript. (Doc. 14 at 2).  In sum, Defendant claims that it incurred $9,006.37 in damages.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that sanctions *may* be ordered if a "party fails, after being served with proper notice, to appear for that person's deposition."  The Sixth Circuit has adopted a four-factor test to determine whether a district court's decision to impose sanctions under Rule 37 amounts to an abuse of discretion:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to dismissal is whether less drastic sanctions were first imposed or considered.

*Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 765-766 (6th Cir. 2005). *See also Martin v. Automobili Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002) ("We conclude that, when exercising its discretion to sanction under its inherent power, a court must take into consideration the financial circumstances of the party being sanctioned.").[1]

### III. ANALYSIS

The Court is sympathetic to Plaintiff's situation. It is important to note that Plaintiff did not willfully refuse to attend her deposition. However, Plaintiff initiated this litigation and therefore it is her responsibility to prosecute the case, which includes appearing for her own properly scheduled and noticed deposition. Defendant has been prejudiced as a result of Plaintiff's failure to appear for her deposition. *See, e.g., Powell v. Cont'l Cas. Co.*, No. 1:09cv710, 2010 U.S. Dist. LEXIS 139626, at *5 (S.D. Ohio Nov. 16, 2010) (defendant was prejudiced by noticing and attending a deposition for which plaintiff failed to appear). Accordingly, defense counsel is entitled to reimbursement for reasonable expenses that were a direct result of Plaintiff's failure to appear.

With respect to travel expenses, it is unclear why defense counsel, of the law firm of Dinsmore & Shohl, which has more than 200 attorneys in its Cincinnati office, requires a client to pay for an attorney traveling from Columbus on a Cincinnati case.

---

[1] Plaintiff alleges that she is on food stamps and her house is in foreclosure. (Doc. 18, Ex. A at ¶ 5).

Accordingly, the Court declines to reimburse travel expenses, since the deposition could easily have been taken by an attorney in the Cincinnati office.[2]

With respect to the time spent preparing and filing the motion for sanctions, the Court finds that the motion was premature. Pursuant to S.D. Ohio Civ. R. 37.1, motions relating to discovery shall not be filed in this Court unless counsel have first exhausted all extrajudicial means for resolving their differences. After extrajudicial means have been exhausted, in lieu of immediately filing a motion under Rule 37, parties are encouraged to first seek an informal telephone conference with the Judge. S.D. Ohio Civ. R. 37.1. In fact, "[t]his Court *does not permit* discovery motions…unless and until….counsel contact[s] the Court's Deputy Clerk…[for a] telephone conference." Judge Black's Cincinnati Civil Procedures, available at: http://www.ohsd.uscourts.gov/FPBlack (emphasis added). There is no evidence of any extrajudicial discussions, and counsel never requested an informal discovery dispute conference. Accordingly, the Court declines to reimburse attorney's fees for preparing the motion for sanctions.

With respect to the court reporter and transcript fees, the Court finds that such expenses are proper and must be reimbursed.

### IV. CONCLUSION

Accordingly, for these reasons, Defendant's motion for sanctions (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART** as set forth in this Order. Plaintiff shall reimburse the Defendant $110.00 in court reporter fees and $37.70 in transcript fees, for a

---

[2] Moreover, Dinsmore & Shohl's Columbus office is 108 miles, i.e., 1 hour and 39 minutes, from the Cincinnati office. Accordingly, there was no need for counsel to stay in a hotel the night before the deposition.

total sanction award of: $147.70. Plaintiff shall reimburse these costs within 30 days of the date of this Order.

    **IT IS SO ORDERED**.

Date:  12/5/14                                      */s/ Timothy S. Black*
                                                                   Timothy S. Black
                                                                   United States District Judge